Appeal from an order of the Supreme Court at Special Term, entered September 2, 1975 in Montgomery County, which denied petitioners’ application to vacate a notice of intention to arbitrate and for a stay of arbitration. Petitioners are the owners of 15 bonds issued by Congregation Ernes Wozedek of Washington Heights to raise funds for the acquisition of the building 3940-3960 Broadway in New York City. These bonds are identical in all material respects. Each bond provided that if ever the building were to be sold and that there was an excess of money remaining after payment of expenses, this excess would be distributed pro rata among the bondholders. Ten of the petitioners’ 15 bonds were acquired prior to November 25, 1951 when the congregation adopted its Statuten (statutes). These statutes set up a house assembly, consisting of all those who owned at least one bond. The statutes provided for arbitration in cases of disputes between bond owners. The arbitration clause reads as follows: "Par. 10 Arbitration In cases of disputes between bond owners in re house assembly, the latter decides. For such cases it may also set up a court of arbitration consisting of the President, Vice Pres, and Treasurer. The latter’s decision may be appealed at the house assembly which then makes the final decision, under exclusion of public jurisdiction.” In the 10-year period from 1951-1960 the congregation’s Rabbi, Max Koppel, advanced $46,000 to the congregation; this sum was still owed to him at the time of his death in December, 1974. Respondent, as executrix of his estate, alleges that at various times the congregation agreed to treat the money owed to Max Koppel on a parity with the outstanding bonds (which totaled somewhat in excess of $78,000). Respondent is also a bondholder in her individual capacity. These alleged agreements become significant because the City of New York purchased the congregation’s building in 1969 for a sum in excess of one million dollars. In January, 1975, there was a meeting of the *677 house assembly, where a resolution was passed mandating that all of the funds from the building, except for $250,000, would be distributed pro rata to the bond owners and to the estate of Max Koppel. Petitioners protested this resolution and on May 1, 1975 respondent Bertha Koppel served on them a notice of intention to arbitrate the dispute. Petitioners made a timely petition for an order staying the arbitration. In the order appealed from, Special Term denied and dismissed petitioners’ application. On this appeal, petitioners claim that: (1) there was no arbitration agreement; (2) respondent did not have standing to initiate the arbitration proceeding and (3) petitioners should not be compelled to arbitrate before a biased "court of arbitration”. Special Term correctly found that petitioners had made a valid contract to arbitrate. As members of Congregation Ernes Wozedek of Washington Heights, the petitioners are bound by the by-laws of that organization which provide in paragraph 10 for arbitration of all disputes between bondholders. A member of an association is bound by duly enacted provisions of its constitution and by-laws, including a by-law to submit any controversy to arbitration (Matter of Alexander, Inc. [Glasser], 31 NY2d 270, cert den 410 US 983). Petitioners’ claim that no valid arbitration agreement was made because it was not incorporated in the bonds has no merit. The contract to arbitrate is not required to be set forth in the obligation from which the controversy arises. The agreement to arbitrate may be in a separate agreement or in a by-law of an organization to which a person belongs (Merrill Lynch, Pierce, Fenner & Smith v Griesenbeck, 28 AD2d 99, affd 21 NY2d 688, explained and approved in Matter of Alexander, Inc. [Glasser] 31 NY2d 270). Petitioners claim that the by-law to arbitrate is not binding on them as it was adopted by the congregation members after petitioners acquired some of their bonds. This issue was not raised at Special Term, and, therefore, should not be considered on this appeal. In any event, some of petitioners’ bonds were acquired after the adoption of the by-law providing for arbitration. The respondent, Bertha Koppel, has standing to institute arbitration. She is the owner of bonds of the congregation in her own right. She served the notice to arbitrate as an individual. It was petitioners who proceeded against her in this matter individually and as executrix of the estate of Max Koppel. Petitioners seek to stay arbitration on the ground the "panel” has a direct financial interest in the outcome of the controversy. The original panel of arbitrators consists of the president, vice-president and treasurer of the congregation. The by-laws provide that only persons owning at least 10 bonds can hold those positions. If the original panel has a basis for bias, it is a bias against respondent and in favor of petitioners. A decision in favor of respondent, Bertha Koppel, will reduce the distribution of the proceeds of sale to the panelists. The by-laws of the congregation provide an appeal to "the house assembly”. The "Statuten” (par 5) provides that every bond owner belongs to the house assembly. The assembly, if biased, is likewise biased against respondent, Bertha Koppel, as a vote in her favor is a vote against the personal interest of the bondholders. The award would not be subject to vacatur under CPLR 7511 (subd [b]) because of a conflict of interest. CPLR 7511 (subd [b]) does not authorize the court to vacate an award on that basis. CPLR 7511 (subd [b], par 1, cl [ii]) provides that an award can be vacated because of the partiality "of an arbitrator appointed as a neutral”. No neutral arbitrator is appointed under the by-laws. As the arbitrators are selected from bondholders, the parties to the arbitration agreement must be charged with notice of a possible conflict. "Unlike former section 1462(2) of the Civil Practice Act, partiality is a ground for vacation under CPLR 7511(b)(1)(ii) only with *678 respect to an arbitrator appointed as a neutral.” (8 Weinstein-Korn-Miller, NY Civ Prac, par 7511.16, p 75-163; see Matter of Astoria Med. Group [Health Ins. Plan of Greater N. Y] 11 NY2d 128.) If the method for the appointment fails, the court has ample authority to appoint arbitrators on proper application (CPLR 7504). We are reminded that "the CPLR arbitration provisions (CPLR 7501 et seq.) evidence a legislative intent to encourage arbitration.” (Matter of Weinrott [Carp], 32 NY2d 190, 199.) This arbitration proceeding should not be frustrated by "public jurisdiction”. Order affirmed, with costs. Greenblott, J. P., Main, Larkin, Herlihy and Reynolds, JJ., concur.